IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTHONY BOYD, | § | |
| NO. 42603-054, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-022 |
| | § | |
| JOE D. DRIVER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Anthony Boyd, a federal prisoner currently confined in the USP Lee in Jonesville, Virginia, filed a *Bivens*[1] complaint against Warden Joe D. Driver, Associate Warden Phillip Childs, Associate Warden Mike Dungan, Captain D. Maune, Lieutenant Thomas Watson, Lieutenant E. Thompson, Correctional Officer Johnny C. Ponce, Correctional Officer J. Shipman, Correctional Officer David Charo, Correctional Officer C. Schmale, Correctional Officer Richard Castillo, Correctional Officer R.E. Tuttle, and Special Investigations Technician Ellie Anzaldua in their official and individual capacities. All of the defendants were employed at FCI Three Rivers where the alleged violations occurred. Driver, Childs, Duggan, Maune, Watson, Thompson, Shipman, Schmale, Castillo, Tuttle, and Anzaldua[2] have filed a Motion to Dismiss. Docket Entry No. 25. After reviewing the pleadings and records, the court shall dismiss the action.

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971).

[2] Charo does not join in the motion because he is no longer employed by the Federal Bureau of Prisons and has not been served in this action. The defendants assert that the merits asserted in their Motion to Dismiss apply to him also. *See* Docket Entry No. 25, at 1.

## I. Claims and Allegations

Boyd asserts that the defendants conspired to subject him to malicious prosecution after he was assaulted at the Three Rivers Unit on two separate occasions in August of 2004. Boyd claims that he reported the assaults and that Anzaldua gathered written statements which were sent to an FBI Agent. He further claims that a video tape showed that he was handcuffed and was clearly the victim during the assaults. However, the statements implicated Boyd alleging that he assaulted Lt. Watson on August 28, 2004, and Officers Ponce and Castillo August 30, 2004.

Boyd was subsequently indicted for assault, was tried in federal court, and was acquitted on February 16, 2005. *United States v. Boyd*, No. V-04cr-107 (S.D. Tex.). Boyd contends that the video was tampered with and that Thompson, Ponce, Shipman, Charo, Schmale, Castillo, and Tuttle gave perjured testimony during the trial.

Boyd seeks a total of $ 2,150,000.00 in monetary damages from the defendants for his mental anguish and deprivation of rights.

## II. Defendants' Arguments

The defendants argue that this action must be dismissed because Boyd has failed to exhaust prescribed administrative remedies before seeking relief in federal court. Attached is a declaration of Martin Joseph Sweeny (Docket Entry No. 6, Exhibit A), a Bureau of Prisons (BOP) attorney with access to BOP administrative remedy records. Sweeny states that Boyd has not exhausted the required procedures for challenging the defendants' actions in connection with the criminal prosecution which arose from the alleged assaults. Included with Sweeny's declaration are copies of administrative remedy records indicating that Boyd filed appeals regarding a confrontation with Watson and the subsequent forfeiture of good conduct time pursuant to an administrative

disciplinary hearing relating to the confrontation. However, Sweeny asserts that a thorough and diligent search of BOP's administrative remedy records revealed no evidence that Boyd ever made any attempt to file any appeal regarding the criminal prosecution in federal court. It is the defendants' position that Boyd's appeal from his disciplinary hearing is irrelevant to this suit which concerns his allegations that he was subjected to malicious prosecution in federal court.

The defendants have also submitted a copy of a Memorandum Opinion from the United States District Court for the District of Columbia in which the district court dismissed a *Bivens* action against BOP employees regarding loss of good time pursuant to disciplinary hearings relating to the assault at Three Rivers. *Boyd v. Lappin*, No. 06–01596, 2007 WL 1154092 (D.D.C. Apr. 18, 2007). The court in that action held that Boyd's complaint for monetary damages was not cognizable under *Bivens* because the disciplinary action had not been invalidated in a habeas proceeding. *Id. citing Edwards v. Balisok*, 117 S.Ct. 1584 (1997); *Heck v. Humphrey*, 114 S.Ct. 2364 (1994).

### III. Analysis

A. Standard for Dismissal Pursuant to Rule 12(b)(6)

A dismissal under Rule 12(b)(6) is appropriate "'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" *Holmes v. Texas A & M University*, 145 F.3d 681, 683 (5th Cir. 1998), *citing McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990). The court accepts as true all well pleaded allegations in a complaint and views them in the light most favorable to the plaintiff. *McConathy v. Dr. Pepper/Seven Up. Corp.*, 131 F.3d 558, 561 (5th Cir. 1998), *citing Truman v. United States*, 26 F.3d 592, 594 (5th Cir.

1994).  The court liberally construes the allegations made in a *pro se* complaint.  *Haines v. Kerner*, 92 S.Ct. 594 (1972).  However, factual or legal conclusions cannot prevent dismissal for failure to state a claim.  *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997), *citing Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### B. Exhaustion

Before a prisoner can present a conditions claim in federal court, he must first exhaust those prison administrative remedies which are available to him.  42 U.S.C. § 1997e.  This applies to all aspects of prison life.  *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002).  The BOP has established regulations for prisoner challenges to disciplinary actions.  28 CFR 541.  There are also regulations for prisoner grievances challenging conditions of confinement within the prisons.  28 CFR 542. Prisoners challenging prison disciplinary actions must file and prevail in the established prison administrative process before they can assert a malicious prosecution claim regarding the proceedings within the prison system.  *See Spicer v. Collins*, 9 F.Supp.2d 673, 685-86 (E.D. Tex. 1998) (prisoner complaint challenging prison disciplinary proceeding dismissed because prisoner did not show that disciplinary convictions were reversed on administrative appeal).  The defendants have shown that his challenge to the disciplinary action was resolved against him in a separate federal action.  *See Boyd v. Lappin*, No. 06–01596.  However, Boyd does not challenge a proceeding within the prison system in the current action before this court.  There is no clear showing by the defendants that there were prison administrative remedies available to Boyd in which he could have filed a grievance challenging the U.S. Attorney's decision to prosecute him outside of the prison. Consequently, it is not clear that Boyd's malicious prosecution complaint is subject to 42 U.S.C. § 1997e's administrative exhaustion requirements.  Regardless, the record indicating that Boyd was

validly disciplined for the assault for which he was later prosecuted moots the exhaustion question.

### C. Malicious Prosecution and Perjured Testimony

Boyd's suit against the defendants is predicated on the claim of malicious prosecution. An essential element of such claim is that the charges were brought against Boyd without probable cause. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Probable cause is "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Izen v. Catalina*, 398 F.3d 363, 368 (5th Cir. 2005), *citing Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir.1999), *quoting Moore v. McDonald,* 30 F.3d 616, 620 n. 2 (5th Cir.1994).

The defendants have presented records indicating that Boyd was disciplined in a prison administrative hearing for the assault for which he was later charged in court. A federal court has previously found that the prison disciplinary hearing has not been successfully challenged. *Boyd v. Lappin*, No. 06–01596. Although prison disciplinary hearings are not criminal trials requiring proof beyond a reasonable doubt, prisoners charged in such proceedings do have limited procedural rights. *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974). The disciplinary charge must be heard by an impartial tribunal, the prisoner must be given advance written notice of the charge, and he has the right to present evidence in his behalf, including the limited right to call witnesses. *Id.* If a disciplinary hearing officer finds that a prisoner is guilty as charged, his decision must be supported by some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).

The findings made in administrative hearings are sufficient to establish probable cause for subsequent prosecution. *See Zanghi v. Incorporated Village of Old Brookville*, 752 F.2d 42, 46 (2nd

Cir. 1985); *Terrones v. Allen*, 680 F.Supp. 1483, 1486 (D. Colo. 1988). Moreover, a grand jury's indictment may also support a finding of probable cause despite the fact that the defendant is not guaranteed the right to give testimony or present evidence in his behalf. *See Tarpley v. Estelle*, 703 F.2d 157 (5th Cir. 1983). *See also Hoffman v. Martinez*, 92 Fed.Appx. 628 (10th Cir. 2004). Apart from his malicious prosecution claim, Boyd cannot assert a claim against the defendants based on their false testimony in court. *See Moore v. McDonald*, 30 F.3d 616, 618 (5th Cir. 1994). Consequently, this action is subject to dismissal because Boyd cannot show that the criminal action was brought against him without probable cause. *Hartman v. Moore*, 126 S.Ct. 1695, 1701-02 (2006). The court shall dismiss this prisoner action as frivolous because it is legally baseless and Boyd has filed it as a pauper.

### IV. Conclusion

The court **ORDERS** the following:

1. This action is dismissed as frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

2. All motions (Docket Entry Nos. 25, 27, and 28) are **DENIED** as moot.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the Pro Se Law Clerk, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 24th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE