**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **ANTHONY BOYD,** | § | |
| **NO. 42603-054,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-022** |
| | § | |
| **JOE D. DRIVER,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

The defendants in this *Bivens*[1] action have filed a Motion to Dismiss under FED. R. CIV. P.

12(b)(6); 12(c) contending that federal prisoner Anthony Boyd has failed to assert an actionable

claim regarding alleged violations of his constitutional rights.  After reviewing the pleadings, the

court has determined that the motion (Docket Entry No. 56) should be granted and that this action

should be dismissed.

### I. Dismissal Pursuant to Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974

(2007).  A claim is facially plausible when facts presented in the complaint permit the court to

deduce that the defendant is liable for the alleged violation. *Id.*  The court accepts as true all well

pleaded allegations in a complaint and views them in the light most favorable to the plaintiff.

*McConathy v. Dr. Pepper/Seven Up. Corp.*, 131 F.3d 558, 561 (5th Cir. 1998), *citing Truman v.*

---

[1]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 91 S.Ct. 1999
(1971).

*United States*, 26 F.3d 592, 594 (5ᵗʰ Cir. 1994).  Further, the court liberally construes the allegations made in a *pro se* complaint.  *Haines v. Kerner*, 92 S.Ct. 594 (1972).   However, mere legal conclusions cannot prevent the court from dismissing a complaint for failure to state a claim. *Ashcroft*, 129 S.Ct. at 1949; *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5ᵗʰ Cir. 1997).  In other words, a complaint that contains only bare assertions that the defendant's actions harmed the plaintiff will not suffice.  *Ashcroft*, at 1949.  "[A] formulaic recitation of the elements of a cause of action will not do. . . ." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5ᵗʰ Cir. 2007). There must be some factual foundation to support the claim or the claim is subject to dismissal.  *Id.*

## II. Procedural History and Arguments

Boyd claimed that employees at FCI Three Rivers engaged in a conspiracy to subject him to malicious prosecution after assaulting him on two occasions in 2004.  Boyd alleged that the prison employees committed perjury and destroyed or tampered with video evidence showing that he was the victim and not the assailant.  Boyd was brought to trial but was acquitted of the charges.  *United States v. Boyd*, No. V-04cr-107 (S.D. Tex.).  He then filed his civil rights complaint  seeking $ 2,150,000.00 in monetary damages for his mental suffering and deprivation of rights as a result of the criminal proceedings.  (Docket Entry No. 1 at 4).

The court granted the defendants' motion to dismiss the complaint finding that Boyd had failed to establish a claim that he was subjected to malicious prosecution. The United States Court of Appeals for the Fifth Circuit affirmed the dismissal of the malicious prosecution claim finding that it did not support a *Bivens* action.  However, the Fifth Circuit found that a liberal reading of Boyd's *pro se* complaint supported a finding that he also alleged facts supporting a denial of due process claim.  Consequently, the appellate court remanded this action for this court to review the

due process claims only.

The defendants argue that Boyd fails to allege any facts which would constitute a recoverable injury under the Fifth Amendment in that he has not shown how he has been deprived of any liberty interest. The defendants further assert that Boyd cannot plead any facts because he has not suffered any injury due to the fact that Boyd was already incarcerated pursuant to a previous conviction when he was charged with the assaults. Moreover, his challenge to the prison disciplinary action taken against him in response to the assaults, which entailed a loss of "good time" credits, has been dismissed in a separate suit pursuant to *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), and *Edwards v. Balisok*, 117 S.Ct. 1584 (1997). *Boyd v. Lappin*, No. 06-01596 (D.C. 2007). The defendants contend that Boyd has only made conclusory allegations regarding any harm that he suffered as a result of the alleged violations. Therefore, the defendants move to dismiss pursuant to FED. R. CIV. P. 12(b)(6); 12(c).

Boyd responds by conceding that he was "in the care, custody and control of the defendants" when the alleged deprivations occurred, but he argues, without providing an explanation, that this is an important factor in this case. (Docket Entry No. 57 at 1). He contends that a civil complaint alleging fabricated evidence does not require a deprivation of liberty to be actionable. *Id.* at 2. Without presenting any support for his argument, Boyd asserts that the actions taken by the defendants "subjected [him] to an inevitable conviction." *Id.* He claims that the defendants withheld the video tape from admission at trial by failing to have a witness testify in court that the video accurately depicted the incident for which he was tried. (Docket Entry No. 57 at 3). Boyd further contends that the prison guards who assaulted him should have been charged with committing a criminal offense; instead, he alleges that the defendants conspired to have him

charged.  *Id*.

## II. <u>Analysis</u>

Boyd's arguments and supporting authority are misplaced.  Boyd cites two cases to support his argument that an actionable due process violation involving fabricated evidence does not require a liberty deprivation.  Docket Entry No. 57 at 2, *citing Albright v. Oliver*, 114 S.Ct. 807 (1994); *Zahrey v. Coffey*, 221 F.3d 342 (5th Cir. 2000).  Neither case supports his conclusion.  The Supreme Court in *Albright* held that an allegation of criminal prosecution without probable cause asserts a violation under the Fourth Amendment rather than the Due Process Clause of the Fourteenth Amendment.  *See Osborne v. Howard*, 844 F.Supp. 511, 513 (E.D. Ark. 1994), *citing Albright*.  A prisoner like Boyd is not entitled to the same Fourth Amendment protections available to individuals who are not incarcerated pursuant to a final felony conviction.  *See Hudson v. Palmer*, 104 S.Ct. 3194, 3200 (1984).  There are instances where an inmate may assert a Fourth Amendment claim if he has been subjected to a strip search which was unnecessarily invasive and did not serve a legitimate penological need.  *See Hutchins v. McDaniels*, 512 F.3d 193 (5th Cir. 2007).  There are no facts in the present case to indicate that Boyd was subjected to any search.  The *Zahrey* decision dealt with a specific instance of liberty deprivation, namely eight months of confinement based on false evidence.  *Zahrey*, 221 F.3d at 348.  Boyd fails to show that he was incarcerated solely on the basis of the alleged false charges.

Boyd alleges that the defendants used false evidence against him.  The knowing use of false testimony by a government official is a denial of due process if it is used to obtain a conviction. *Napue v. Illinois*, 79 S.Ct. 1173, 1177 (1959).  However, Boyd has failed to allege that he served any time pursuant to a conviction obtained through the use of perjured testimony.  Boyd was already

in prison serving time on an unrelated conviction. Even if he were to prove that he was convicted and sentenced for a crime he did not commit, he would have to show that he would not have been otherwise incarcerated pursuant to a legitimate conviction. *See Olsen v. Correiro*, 189 F.3d 52, 69-70 (1st Cir. 1999). It is undisputed that Boyd is validly incarcerated for an unrelated offense which is not under attack which forecloses him from seeking damages. *Id.* Boyd specifies in his complaint that he seeks $ 2,150,000.00 in compensatory and punitive damages alleging that he has endured mental distress as a result of the defendants' actions. The Prison Litigation Reform Act's (PLRA's) "physical injury" requirement bars prisoners from recovering compensatory damages for mental and emotional injuries where no physical injury has been shown. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C.A. § 1997e(e).

Boyd has not alleged any facts which show that he was harmed by any alleged denial of due process. He states that witnesses testified falsely against him at trial. (Docket Entry No. 1 at 4). However, witnesses are entitled to absolute immunity for their testimony given at trial and during pretrial proceedings. *Moore v. McDonald*, 30 F.3d 616, 618 (5th Cir. 1994). This immunity does not extend to non-testimonial pretrial actions fabricating evidence. *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003). Without providing any factual detail in his complaint, Boyd alleges that the witnesses tampered with the video record of the incident. (Docket Entry No. 1 at 4). In his response, Boyd provides little more detail, but he does admit that the defense was provided a duplicate tape which was admissible at trial. (Docket Entry No. 57 at 3). Apart from acknowledging that he did have access to the video tape, Boyd's alleged facts concerning the so-called tampering of the tape are so generalized that the court cannot speculate as to the grounds for relief to the extent that Boyd's complaint is subject to dismissal. *See Cuvillier v. Taylor*, 503 F.3d

-5-

397, 401 (5th Cir. 2007).

Boyd's pleadings do not assert any facts demonstrating how he was harmed by the defendants' alleged activities.  Any adverse change to the conditions of his confinement would not be actionable provided there is no showing that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Boyd has not pled any facts indicating such a hardship.  Any embarrassment, humiliation or distress Boyd might have experienced would not entitle him to relief.  *Samford v. Staples,* 249 Fed.Appx. 1001, 1003 (5th Cir. 2007), *citing* § 1997e(e).  Moreover, any possible loss of reputation would not be actionable either.  *Rehberg v. Paulk*, 611 F.3d 828, 851 -852 (11th Cir. 2010).  Without a showing of actual injury, Boyd cannot seek compensatory damages; he can only seek nominal damages.  *See Carey v. Piphus*, 98 S.Ct. 1042 (1978).  Boyd does request punitive damages in addition to compensatory damages.  Punitive damages may be sought if there is a showing that the defendants acted with reckless indifference to the plaintiff's constitutional rights while committing the alleged infraction.  *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).  Boyd's complaint contains no factual allegations indicating that the defendants were aware that they were violating Boyd's constitutional rights when they deliberately tampered with the video tape.  Without such allegations, Boyd's complaint is subject to dismissal.  *Cuvillier*, 503 F.3d at 401

### III. Conclusion

The court **ORDERS** the following:

1.      The Motion to Dismiss (Docket Entry No. 56) is **GRANTED**.

2.      The Civil Rights Complaint (Docket Entry No. 1) filed by a federal prisoner is **DISMISSED**, with prejudice, for failure to present a claim for which relief can be

granted.  FED. R. CIV. P. 12(b)(6).

3.      The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and the  *Pro Se* Law Clerk, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 29th day of September, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE